Gerald Grunsfeld, Esq.
Lazar, Grunsfeld Elnadav, LLP
1795 Coney Island Avenue
Brooklyn, NY 11230
Telephone: (718) 947-7476
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFEGUARD LICENSING CORP., and POPULARITY PRODUCTS, LLC,<br><br>                   Plaintiffs,<br><br>  -against-<br><br>JERRY KOZAK, ANN ARBOR T-SHIRT COMPANY, LLC,  and RICHARD WINOWIECKI<br><br>                   Defendants, | **COMPLAINT**<br>**Trial by Jury**<br>**Demanded** |

Plaintiffs, LIFEGUARD LICENSING CORP. ("Lifeguard Corp.,") and POPULARITY PRODUCTS, LLC ("Popularity"), by their attorneys, as and for their Complaint against Defendants, allege as follows:

## NATURE OF THE ACTION

1.      In this action, Plaintiffs seek damages based upon Defendants' counterfeiting and infringement of Lifeguard Corp.'s  federally registered LIFEGUARD® and LIFE GUARD® trademarks (the "Marks") and based upon Defendants' acts of unfair competition. Defendants are using counterfeiting and infringing reproductions of the Marks on the same merchandise that Plaintiffs use the Marks and are competing with Plaintiffs in the same channels of trade.

## THE PARTIES

2.      Plaintiff Lifeguard Corp., is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 595 Madison Avenue, New York, NY 10022.

3.      Plaintiff Popularity is a corporation organized under the laws of the State of Virginia and maintains its principal place of business at 168 39th St, Brooklyn, NY 11232.

4.      Defendant ANN ARBOR T-SHIRT COMPANY, LLC, ("ANN ARBOR") is a Michigan limited liability company maintaining its principal place of business in Ann Arbor Michigan.

5.      According to its website, AnnArborTees.com, ANN ARBOR employs more than 50 employees and prints more than 500,000 shirts per year for clients across the world.

6.      Upon information and belief, ANN ARBOR transacts business in New York and in this judicial district and/or solicits business from and markets and advertises its merchandise to residents in this judicial district.

7.      Upon information and belief, AnnArborTees.com, is fully interactive, permitting prospective customers to purchase its products online.

8.      Upon information and belief, customers in New York can purchase the infringing and counterfeiting Lifeguard products on AnnArborTees.com, and have them delivered to addresses in New York.

9.      Upon information and belief, ANN ARBOR actively solicits and derives revenues from customers located in the State of New York and in this District, via AnnArborTees.com.

10.     Defendants have also sold the complained of infringing/counterfeiting products to customers in New York, and delivered them to addresses in New York, via the Amazon.com website.

11.     Defendants Jerry Kozak and Richard Winowiecki own ANN ARBOR and make all the major decisions on behalf of ANN ARBOR.

12.     Defendants Jerry Kozak and Richard Winowiecki have personally been made aware in phone calls and letters that they are infringing the Marks and they have refused to stop doing so.

13. Said infringing and counterfeiting activity by Defendants has allowed them to accrue an unknown amount of unlawful profits while simultaneously depriving Plaintiffs of same.

14. Plaintiffs have a good faith basis to believe that Defendants profits from Defendants' counterfeiting and infringing of the Lifeguard apparel totals many thousands of dollars per year.

## JURISDICTION AND VENUE

15. The action arises under the Lanham Trademark Act, 15 U.S.C. §1051 et seq. ("the Lanham Act"), and the common law of the State of New York. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

16. This Court has jurisdiction over Defendants because of the revenues they have solicited and obtained from New York customers, because of the counterfeit/infringing apparel they have shipped to New York, as outlined above in paragraphs 6-10.

17. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL CLAIMS

**Background on Lifeguard and the Lifeguard Mark**

18. Lifeguard Corp., directly and through its predecessors in interest, has been using the Marks on swimwear and underwear since 1937. Since that time, Lifeguard Corp., has expanded its use of the Marks to other apparel items including but not limited to shirts, sweatshirts, t-shirts and beachwear. As a result of Lifeguard Corp.'s long-standing use of the Marks as well as Lifeguard Corp.'s success in selling, advertising, licensing and promoting clothing and accessories bearing the Marks, the LIFEGUARD® brand and marks have become strong and recognizable.

19. Lifeguard Corp., is the owner of the trademarks LIFE GUARD® (Reg. No. 355,543) for swim trunks, LIFEGUARD (Stylized)® (Reg. No. 562,509) for men's underwear, LIFEGUARD® (Reg. No. 2,754,820) for a variety of goods in classes 18 (bags) and 25 ( clothing and accessories) and LIFEGUARD® ( Reg. No. 3,800,325) for a variety of goods in

class 25 (clothing and accessories). United States Patent and Trademark Office ("USPTO") printouts illustrating Lifeguard's ownership of the Marks are attached hereto as **Exhibit A**.

20. Lifeguard Corp., licenses use of the Marks to prominent companies such as The Warnaco Group, Inc. ("Warnaco") and Popularity Products LLC ("Popularity").

21. Until recently, under license from Lifeguard Corp., Warnaco's subsidiary, Speedo, used the Lifeguard mark on hundreds of thousands of items of Speedo apparel.

22. More recently, Popularity has the exclusive license to the Marks in the United States within various apparel categories, including t-shirts, sweatshirts, and tank tops.

23. Pursuant to this exclusive licensee, Popularity sells hundreds of thousands of pieces of Lifeguard apparel every year.

24. Plaintiffs have made prominent and extensive use of the Marks in commerce on apparel including on items such as bathing suits, underwear, pants, sweatshirts, t-shirts and hats.

25. Plaintiffs have been using the Marks on the front of the garments and on hangtags and labels immediately affixed to such garments.

26. Plaintiffs took out a full page add in Souvenirs & Gifts & Novelties Magazine detailing Lifeguard's trademark rights and warning any infringers that Lifeguard will "take all necessary action to protect its rights…." This advertisement ran in the November/ December 2008 and January/ February 2009 issues.

27. The hangtags and labels affixed to Lifeguard's merchandise also detail Plaintiffs' trademark rights and further warn any infringers that Plaintiffs will take all necessary action to protect their rights.

28. Plaintiffs have also, via counsel consistently sent cease and desist letters to any persons/entities it has become aware of who have used the Marks without authorization.

29. Plaintiffs have also filed several lawsuits seeking damages for trademark counterfeiting/infringement against several entities that used their Marks without authorization.

**Defendants' Infringing Use of the Marks**

30. Although Plaintiffs have never authorized Defendants to utilize the Marks in any manner, Defendants have been knowingly, willfully and without any authorization from Plaintiffs, selling, distributing, manufacturing, importing, displaying, advertising, marketing and/or promoting clothing bearing infringing reproductions of the Marks in interstate and intrastate commerce, including, upon information and belief, in this District.

31. Defendants are advertising and selling their Infringing Merchandise, which is often identical in appearance, to merchandise sold by Plaintiffs, using the exact same Mark as that owned and federally registered by Lifeguard. Thus, consumers are likely to be misled into believing that the Counterfeiting/Infringing Merchandise is genuine Lifeguard merchandise when in fact it is not.

32. Upon information and belief, the Infringing Merchandise sold by Defendants that bears virtually identical replicas of the Marks is calculated to deceive the purchasing public into believing that the Infringing Merchandise is manufactured, sold, authorized by and/or affiliated with the Lifeguard mark and/or with Lifeguard Corp.

33. Defendants have continued their aforementioned infringing and counterfeiting activity, despite several written demands from Plaintiffs that they stop doing so.

34. Defendants' sales of the Infringing Merchandise have substantially undermined Lifeguard Corp.'s lucrative license agreements with Popularity, as well as the LIFEGUARD® brand in general.

35. Defendants' actions have caused and will continue to cause Plaintiffs significant financial losses while simultaneously unjustly enriching them by the false association created by their use of the Marks.

**FIRST CLAIM FOR RELIEF**

*(Trademark Infringement Under 15 U.S.C. §§1114)*

36. Plaintiff Lifeguard Corp., repeats and re-alleges the allegations in Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. By their unauthorized use of a mark that is identical to or substantially indistinguishable from the Marks, Defendants are trading on the Marks goodwill and reputation.

38. Defendants' unauthorized use of the Marks constitutes counterfeiting and infringement of federally registered trademarks and will likely confuse and deceive customers into erroneously believing that Defendants and their merchandise are associated with and/or authorized by Lifeguard Corp.

39. Plaintiffs have never authorized or otherwise consented to Defendants' use of any of the Marks in any manner and have expressed their strong written objection to Defendants' unauthorized use of the Marks.

40. The acts and conduct of Defendants complained of herein constitute willful and deliberate counterfeiting and infringement of the Marks, in violation of Section 32 of the Lanham Act, 15 U.S.C. §§1114.

41. By reason of all the foregoing, Plaintiffs are being damaged by Defendants' willful, unauthorized use of the Marks in the manner set forth above in an amount to be proven at trial.

42. Plaintiff Lifeguard Corp., seek statutory damages, attorneys fees and costs of this action pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

*(Trademark Counterfeiting Under Sections 32, 34, and 35, of the Lanham Act, 15 U.S.C. §§1114(l)(b), 1116(d), & 1117 (b)-(c))*

43. Plaintiff Lifeguard Corp., repeats and re-allege the allegations in Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' sole rights in The Trademarks, Defendants have distributed, advertised, offered, for sale and/or sold counterfeit products to the consuming public in direct competition with Plaintiffs, in or affecting interstate commerce.

45. Defendants' counterfeit products reproduce, counterfeit, copy, and colorably imitate the Marks, or display spurious designations that are identical with, or substantially indistinguishable from the Marks. Defendants have applied their reproductions, counterfeits, copies, and colorable imitations to labels and advertisements intended to be used in commerce upon or in connection with the sale, distribution, or advertising of Defendants' counterfeit products, which are likely to cause confusion, or to cause mistake, or to deceive.

46. Defendants' unauthorized use of The Trademarks was done with notice and full knowledge that such use was not authorized or licensed by Plaintiffs, and that this would deceived consumers into believing they were purchasing authorized merchandise bearing the true and legitimate Trademarks. Defendants' actions constitute willful counterfeiting of The Trademarks in violation of 15 U.S.C. §§1114(l)(b), 1116(d), & 1117 (b)-(c)).

47. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damage to The Trademarks, and other damages in an amount to be proved at trial.

48. Plaintiff Lifeguard Corp., therefore seeks statutory damages, plus attorneys' fees, plus punitive damages.

### THIRD CLAIM FOR RELIEF

*(Unfair Competition and False Designation of Origin Under 15 U.S.C. §1125(a))*

49. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Plaintiffs own all right, title and interest in and to the Lifeguard Marks and holds the exclusive rights to market and sell clothing bearing the Lifeguard Marks.

51. Defendants' conduct as alleged herein, including its use of the Marks on the Infringing Merchandise, constitutes a false designation of origin as such conduct is likely to cause confusion or to deceive consumers as to the origin, sponsorship, affiliation, connection and/or association of Lifeguard and/or its Lifeguard Marks, with Defendants.

52. The Infringing Merchandise is calculated and intended to deceive and is likely to deceive consumers into believing that they are Lifeguard's products. The Infringing

Merchandise, which bears a virtually indistinguishable replica of the Lifeguard Marks, does not originate from or have the approval or authorization of Lifeguard.

53. Defendants are capitalizing on and profiting from the likely consumer confusion between their Infringing Merchandise and Lifeguard's authentic LIFEGUARD® brand merchandise.

54. The foregoing acts of Defendants constitute unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

55. Plaintiffs have sustained and are entitled to monetary damages in an amount to be proved at trial.

56. Upon information and belief, Defendants have obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable and said gains, profits and advantages rightfully belong to Plaintiffs.

57. As such, Plaintiffs are entitled to statutory and non-statutory damages to be decided at trial.

## **FOURTH CLAIM FOR RELIEF**
(Common Law Unfair Competition)

58. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. Plaintiffs have expended substantial time, resources and effort to develop and obtain an excellent reputation and goodwill for their Marks.

60. Defendants have knowingly and willfully appropriated the Marks in an effort to create the false impression that the Infringing Merchandise are sanctioned by Plaintiffs and in order to arrogate unto itself all of the goodwill associated with Plaintiffs and their Marks. Defendants' unlawful acts in appropriating rights in Lifeguard Corp.'s registered trademarks were intended to capitalize on the goodwill that accrued to the Marks, for Defendants' own pecuniary gain, at Plaintiffs' expense.

61. The Infringing Merchandise being sold by Defendants are calculated to and are likely to create consumer confusion and to deceive and mislead consumers into believing that such merchandise originated with or is authorized by Plaintiffs, and has caused and is likely to cause confusion as to the source of Defendants' Infringing Merchandise, all to the detriment of Plaintiffs.

62. Defendants committed the acts alleged herein intentionally, deliberately, fraudulently, maliciously, willfully, wantonly and oppressively with the intent confuse the public and to injure Plaintiffs.

63. Plaintiffs have suffered monetary damages in an amount to be determined at trial.

64. Upon information and belief, Defendants have obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable and said gains, profits and advantages rightfully belong to Plaintiffs.

## FIFTH CLAIM FOR RELIEF
### (Unlawful Deceptive Acts and Practices- N.Y. Gen. Bus. Law §349)

65. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66. Defendants, without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' prior rights in and to the Lifeguard Marks, manufactured, advertised, distributed, offered for sale and sold the Infringing Merchandise to the consuming public in direct competition with Plaintiffs.

67. Defendants' use of the Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' Infringing Merchandise, and is likely to deceive the public into believing the Infringing Merchandise being sold by Defendants originates from, is associated with, or is otherwise authorized by Plaintiffs.

68. Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

69.     Plaintiffs are entitled to statutory damages in an amount to be determined at trial and attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1. Ordering that any websites and/or companies Defendants controls be permanently restrained and enjoined from:

a.     Further infringing the Marks, and from importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any clothing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Marks or any design confusingly similar thereto;

b.     Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any authorized products, including clothing, in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Lifeguard, or to any goods sold, manufactured, sponsored or approved by or connected with Lifeguard;

c.     Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products, including clothing, manufactured, distributed or sold by Defendants are in any manner associated or connected with Lifeguard, or are sold, manufactured, licensed, sponsored, approved or authorized by Lifeguard;

d.     Using any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to Lifeguard and/or the Marks, by using Lifeguard's registered marks without the authorization of Plaintiffs;

  e. Engaging in any other activity constituting unfair competition with Lifeguard, or constituting an infringement of any of Lifeguard's marks, or of Lifeguard's rights in, or to use or to exploit, the Marks.

 2. Directing that Defendants deliver for destruction all Infringing Merchandise, goods, products, signs, labels, brochures, advertising, promotional material prints, packages, dyes, wrappers, receptacles and advertisements in its possession or under its control bearing any of the Marks, or any simulation, reproduction, counterfeit, copy of colorable imitation thereof, and all plates, molds, screens, heat transfers and means of making the same.

 3. Statutory Damages in an amount still to be determined but in the amount of at least $2,000,000.

 4. Awarding Plaintiffs their costs in this action together with reasonable attorneys' fees and expenses as provided for by 15 U.S.C. §1117.

 5. Awarding to Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
  October 26, 2015

            Lazar, Grunsfeld Elnadav, LLP

            By: _____/GG/_____
             Gerald Grunsfeld
             Attorneys for Plaintiffs
             1795 Coney Island Avenue
             Brooklyn, NY 11230
             (718) 947-7476
             Gerry@LGELaw.com