```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LIFEGUARD LICENSING CORP., et al.,                          :
                                         Plaintiffs,        :
                                                            :
              -against-                                     :
                                                            :
ANN ARBOR T-SHIRT COMPANY, LLC, et al.,                     :
                                         Defendants.        :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/08/2016

15 Civ. 8459 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

This action arises from allegations of trademark infringement under the Lanham Act, 15 U.S.C. § 1051 et seq. and New York state law. Defendants Ann Arbor T-Shirt Company, LLC ("Ann Arbor"), Jerry Kozak and Richard Winowiecki move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendants' motion to dismiss this action for lack of subject matter jurisdiction is based on their first-filed action in the Eastern District of Michigan. That action was dismissed on April 5, 2016, and this action is now the only pending litigation arising from these facts. Therefore Defendants' argument regarding subject matter jurisdiction is moot, and this opinion addresses only the issue of personal jurisdiction. For the reasons below, the Complaint alleges sufficient facts on which to base personal jurisdiction, and the motion to dismiss is denied.

**BACKGROUND**

The facts below are taken from the Complaint and the parties' submissions on this motion, unless otherwise stated.

Plaintiff Lifeguard Licensing Corp. is a Delaware corporation that maintains its principal place of business in New York. Plaintiff Popularity Products, LLC, is a Virginia corporation that maintains its principal place of business in New York.

Defendants Kozak and Winowiecki are owners of Defendant Ann Arbor, which is a Michigan corporation with its principal place of business in Michigan. Kozak and Winowiecki are domiciled in Michigan. They make all major decisions on behalf of Ann Arbor. According to Defendants, their operations -- including a printing plant, employees and business records -- are located in Ann Arbor, Michigan.

Plaintiff Lifeguard Licensing Corp. ("Lifeguard") holds trademarks to stylized renderings of the words LIFE GUARD and LIFEGUARD ("the Marks"). Plaintiff Lifeguard licenses these marks to, inter alia, Plaintiff Popularity Products, LLC, for use on apparel. Although Plaintiffs have never authorized Defendants to use the Marks in any manner, Defendants manufacture and sell apparel that allegedly uses the Marks.

The Complaint alleges that infringing products can be purchased and shipped to New York from Defendants' own website and via the Amazon.com Marketplace. Defendants deny this allegation and, in declarations submitted in opposition to this motion, state that the only sales of allegedly infringing merchandise to New York were made via the Amazon.com Marketplace. Defendants admit that the orders fulfilled by Amazon were directed to New York locations. According to the Supplemental Declaration of Defendant Kozak, all allegedly infringing products shipped to New York were shipped by Amazon.com's fulfilment service, not by Defendants.

On October 16, 2015, Defendant Ann Arbor commenced an action for declaratory judgment in the U.S. District Court for the Eastern District of Michigan, seeking a determination

of whether the actions at issue in this case constitute infringement.  The action in this court was filed on October 27, 2015.  On April 5, 2016, Defendant Ann Arbor's declaratory judgment action was dismissed by the Michigan court, which held that it lacked personal jurisdiction over Plaintiff Lifeguard.

**STANDARD**

"In order to survive a motion to dismiss for lack personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists."  *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167-68 (2d Cir. 2015).  "Such a showing entails making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'"  *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (alteration in original) (citation omitted).  "In other words, a complaint will survive a motion to dismiss for want of personal jurisdiction so long as its allegations, taken as true, are legally sufficient allegations of jurisdiction."  *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (internal quotation marks omitted).

Plaintiffs' factual allegations are assumed to be true for purposes of the motion to dismiss for lack of personal jurisdiction, and "pleadings and affidavits [are construed] in the light most favorable to plaintiff[s,] resolving all doubts in the plaintiff's favor."  *Penguine Grp. (USA) Inc.*, 609 F.3d at 34 (internal quotation marks omitted).  Courts will not, however, resolve "argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation."  *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotation marks omitted).  Where the plaintiff's complaint and the defendant's affidavits conflict, the Court may provisionally accept the plaintiff's disputed factual allegations as true.  *Credit Lyonnais Sec. USA, Inc. v. Alcantara*, 183 F.3d 151, 153 (2d Cir. 1999).

"Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. But until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993).

"To determine personal jurisdiction over a non-domiciliary in a case involving a federal question," the Court engages in a two-step inquiry to determine whether it has personal jurisdiction over a defendant. *Eades*, 799 F.3d at 168. First, the Court determines whether there is personal jurisdiction over the defendant under the laws of the forum state. *Id.* If the forum state's laws allow for personal jurisdiction, the Court determines whether personal jurisdiction comports with the protections established by the Due Process Clause of the Constitution. *Id.*

## DISCUSSION

Because Plaintiffs have made a prima facie showing that New York's laws permit the exercise of personal jurisdiction over Defendants and do not offend the due process protections afforded by the Constitution, Defendants' motion to dismiss for lack of personal jurisdiction is denied.

### A. Statutory Analysis

CPLR § 302(a)(1), New York's long-arm statute, provides for personal jurisdiction over any non-domiciliary that "transacts any business within the state or contracts anywhere to supply goods or services in the state." Since § 302(a)(1) provides for specific rather than general jurisdiction, Plaintiffs also must show that their claims arise from Defendants' conduct that provides the jurisdiction nexus to New York. *See* NY CPLR § 302(a)(1) ("As to a cause of action arising from any of the acts enumerated in this section . . ."). "Proof of one transaction in

New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Eades*, 799 F.3d at 168 (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010)).

This Court has jurisdiction based on Defendant's alleged internet sales to customers in New York through its own highly interactive website. At this stage of litigation, this Court is required to credit the Complaint's allegation that Defendants operate a website at which customers, including New York customers, can purchase the allegedly infringing goods. *See Troma Entm't, Inc.*, 729 F.3d at 217 (noting that on motion to dismiss for lack of personal jurisdiction, plaintiff's factual allegations are assumed to be true and "pleadings and affidavits [are construed] in the light most favorable to plaintiff[s,] resolving all doubts in [their] favor"). A website that does more than provide information about a product and allows customers to purchase goods online, is a "highly interactive website," which may provide a basis for personal jurisdiction under CPLR § 302(a). *See Chloé*, 616 F.3d at 170 (holding that operation of highly interactive website plus over 50 shipments of counterfeit goods into New York was sufficient for personal jurisdiction); *Grand v. Schwarz*, No. 15 Civ. 8779, 2016 WL 2733133, at *3 (S.D.N.Y. May 10, 2016) (holding that interactive and commercial website provides support for jurisdiction under § 302(a)(1)); *EnviroCare Techs., LLC v. Simanovsky*, No. 11 Civ. 3458, 2012 WL 2001443, at *3 (E.D.N.Y. June 4, 2012) (articulating "sliding scale" of website interactivity and relationship of interactivity to personal jurisdiction analysis). Defendants allegedly offering and selling infringing products in New York from their own website provides one basis for personal jurisdiction under § 302(a).

The Complaint also alleges that Defendants sold goods that were shipped to New York via Amazon.com. This conduct provides an alternative basis for personal jurisdiction over Defendants. Regularly offering and selling goods via an online marketplace such as Amazon.com can provide a basis for personal jurisdiction under CPLR § 302(a), even though Defendants do not control their Amazon.com "storefront" or its interactivity to the same extent that they control their own highly interactive website. *See EnviroCare*, 2012 WL 2001443, at *3 (finding jurisdiction where Defendants sold infringing products nationwide exclusively through Amazon and eBay). For internet sellers who use an internet storefront like Amazon, courts generally distinguish between two categories. First are commercial vendors who use it "as a means for establishing regular business with a remote forum." *Id.* Jurisdiction is proper as to these defendants. In the second category are occasional sellers who use an internet service once to sell goods to the highest bidder who happens to be in the forum state. *See id*. (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) (collecting cases)). Jurisdiction is improper as to these sellers assuming no additional contacts with the forum state. Defendants here are alleged to fall into the first category. They allegedly conduct their business of selling infringing garments on the Amazon platform; their sales are nationwide and include New York. Consequently, jurisdiction is proper under § 302(a).

### B. Constitutional Analysis

The second prong of the personal jurisdiction analysis requires the Court to determine whether personal jurisdiction "comports with the Due Process Clause of the United States Constitution." *Chloé*, 616 F.3d at 164. The Due Process Clause requires that the exercise of personal jurisdiction not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Five factors are relevant to this analysis: "the

burden on the defendant, the interests of the forum State, . . . the plaintiff's interest in obtaining relief[,] . . . the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interests of the several States in furthering fundamental substantive social policies." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cty*, 480 U.S. 102, 113 (1987).  Taking each of these factors in turn, the exercise of personal jurisdiction over Defendants in this action does not violate the Due Process Clause.

First, the burden of defending this action imposed on Defendants by Plaintiffs' choice of forum is not sufficient to render jurisdiction a violation of the Due Process Clause.  Plaintiffs are corporations in New York, and Defendants have availed themselves of the privilege of selling their goods to customers in New York.  The burden imposed on Defendants here is far less onerous than burdens that have been held to offend due process, such as *Asahi*'s Taiwanese plaintiff's California action against a Japanese defendant or Argentine plaintiffs bringing suit against a German defendant in California, *see Daimler AG v. Bauman*, 134 S. Ct. 746, 765 (2015) (Sotomayor, J., concurring).

Second, New York "has a manifest interest in providing effective means of redress for its residents," including corporate entities.  *Eades*, 799 F.3d at 169 (2d Cir. 2015).

Third, Plaintiffs have a strong interest in obtaining relief.  Plaintiff Lifeguard holds the trademark that Defendants allegedly have infringed, and Plaintiff has an obvious interest in asserting its rights under that trademark.  Defendants' argument that the interstate judicial system's interest favors the Michigan action is mooted in light of the dismissal of the Michigan action.  As this case in this forum is already pending and a viable alternative, the judicial system's interest in adjudicating the action is sufficiently strong to warrant the exercise of personal jurisdiction here.

Fourth, the interstate judicial system's interest in the efficient resolution of controversies is best served by litigating this action in New York. Both Plaintiffs and Defendants apparently want this issue adjudicated. This suit is already pending and thus provides the most efficient path to resolution.

Fifth, the shared interests of the states in furthering substantive social policies, here the intellectual property laws established by the Lanham Act, also weigh in favor of personal jurisdiction here.

For these reasons, the exercise of personal jurisdiction over Defendants in this case does not offend the traditional notions of fair play and substantial justice that are protected by the Due Process Clause.

## **CONCLUSION**

Because the allegations in the Complaint make a prima facie showing of personal jurisdiction over Defendants under CPLR § 302(a)(1), within the constitutional limits of due process, Defendants' motion to dismiss is DENIED. The Clerk of Court is respectfully directed to close the motion at Docket No. 13.

Dated: July 8, 2016
    New York, New York

				_____
				**LORNA G. SCHOFIELD**
				**UNITED STATES DISTRICT JUDGE**