UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                :
LIFEGUARD LICENSING CORP., et al.,          :
                           Plaintiffs,            :
                                                :            15 Civ. 8459 (LGS)
                     -against-                  :
                                                :            OPINION AND ORDER
ANN ARBOR T-SHIRT COMPANY, LLC, et al., :
                           Defendants.          :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/11/2016

LORNA G. SCHOFIELD, District Judge:

       Plaintiffs Lifeguard Licensing Corp. and Popularity Products, LLC object to the portion of Magistrate Judge Francis's September 9, 2016, Memorandum and Order (the "Order") that requires Plaintiffs to disclose settlement agreements concerning the trademarks upon which Defendants allegedly infringed. Judge Francis's Order is affirmed.

I.    BACKGROUND

       The Order grants in part and denies in part Defendants' Second Motion to Compel Production of Documents. In their Second Motion to Compel, Defendants sought disclosure of settlement agreements concerning the trademarks, contending that the agreements are relevant to the value of Plaintiffs' trademarks, and that understanding the true value of the trademarks is necessary in light of the large amount of money Plaintiffs seek from Defendants in this case. Plaintiffs opposed the motion via declaration of Plaintiffs' counsel. In the declaration, Plaintiffs argued that the agreements are not relevant to the value of the trademarks because parties often enter into settlements for reasons that have nothing to do with the value of their company. Judge Francis finds that the requested agreements are relevant based upon the broad construction of relevance required by the Federal Rules of Civil Procedure and the fact that settlement agreements have been held to be relevant to the issue of damages in similar cases in this District.

**II.   STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a magistrate judge may issue orders on non-dispositive pretrial motions such as discovery motions.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).  Such orders may be set aside only if they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  A magistrate judge's ruling is clearly erroneous if the district court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie,* 532 U.S. 234, 242 (2001).  A ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Misas v. North-Shore Long Island Jewish Health Sys.*, No. 14 Civ. 8787, 2016 WL 4082718, at *3 (S.D.N.Y. July 25, 2016).

**III.   DISCUSSION**

Plaintiffs argue that the Order is "contrary to the law because it misapplied the pertinent statutes and/or case-law" in requiring Plaintiffs to produce settlement agreements.  Specifically, Plaintiffs object to the Order's finding that the settlement agreements are relevant.  Plaintiffs do not meet the high standard for finding the Order to be clearly erroneous or contrary to law.  In their Second Motion to Compel, Defendants argued that the settlement agreements are relevant to the value of the Plaintiffs' trademarks, which are a key factor in this litigation.  Plaintiffs responded with a paragraph in a declaration noting that the agreements are not probative because parties might enter into agreements for other reasons.  Plaintiffs did not cite case law or otherwise attempt to refute directly Defendants' argument that the agreements are probative *in this case*.

None of the cases cited for the first time in Plaintiffs' objection lead to the conclusion that the Order is contrary to law in finding the settlement agreements relevant to the value of the trademarks.

Relevance at this stage is governed by Federal Rule of Civil Procedure 26, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Defendants met their initial burden by arguing that the settlement agreements are relevant to the value of the trademarks, that the value of the trademarks is relevant to the ultimate determination of damages in this case and that the discovery is proportional in light of the damages that Plaintiffs seek. Thus, the conclusion that the settlement agreements are relevant to the case under the broad standard set forth in Rule 26 is not contrary to law.

Likewise, the Order's further finding that settlement agreements are relevant to the issue of damages in an intellectual property case is not contrary to law. Plaintiffs' objection to the Order's reliance on intellectual property cases that are not trademark-specific does not change the ultimate conclusion that settlement agreements can be relevant to the determination of how much an individual claim -- such as Plaintiffs' trademark infringement claim -- is worth.

Lastly, while some courts in this District have held that settlement agreements "*may* be withheld until after trial," *King Cty., Wash. v. IKB Deutsche Industriebank AG*, 09 Civ. 8387, 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012) (emphasis added), nothing in Plaintiffs' objection leads to the conclusion that such documents *must* be withheld until the damages phase of trial. The decision to compel the disclosure of the agreements now rather than at the damages portion of a trial is thus neither clearly erroneous nor contrary to law.

## IV.   CONCLUSION

For the foregoing reasons, the Order is AFFIRMED.

Dated: October 11, 2016
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE