IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**LIFEGUARD LICENSING CORP.** and
**POPULARITY PRODUCTS, LLC,**

                         Plaintiffs,

          - against -

**JERRY KOZAK, ANN ARBOR T-SHIRT
COMPANY, LLC** and **RICHARD WINOWIECKI**,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 15-CV-08459-LGS
Judge Lorna G. Schofield
Magistrate Judge James C. Francis IV

## DECLARATION OF THOMAS P. HEED

Pursuant to 28 U.S.C. § 1746, THOMAS P. HEED declares:

1. I am an attorney licensed to practice law in the State of Michigan and am counsel for Jerry Kozak, Richard Winowiecki, and Ann Arbor T-Shirt Company, LLC (collectively "Defendants") in this action. I have been admitted to United States District Court for the Southern District of New York, *Pro Hac Vice*. I have personal knowledge of the facts set forth herein, except those facts set forth on information and belief, and could competently testify to them if requested to do so.

2. On October 20, 2016, Brian Sowers ("Sowers"), an expert witness employed by the Plaintiffs for this litigation, was deposed in Waltham, Massachusetts. His deposition (hereinafter "Sowers Tr.") is attached to this declaration as Exh. A. In his deposition, Sowers testified under oath that (1) he could not understand the text of the

1

Primary Significance Test[1]; and (2) he had never before seen the Primary Significance Test text.  Exh. A, Sowers Tr. 72:8-75:18.

3. The Defendants hired James T. Berger ("Berger") to be an expert witness in this matter.  Berger has authored a peer-reviewed book on trademark surveys for litigation: <u>Trademark Surveys: A Litigator's Guide</u> by James T. Berger and R. Mark Halligan (of Nixon Peabody), published by Oxford University Press, 2011.  He has taught marketing, including survey methodology, at multiple colleges and universities.  He has appeared as a sworn expert witness concerning surveys in other trademark cases.  Berger is a principal in a marketing firm that provides marketing surveys to clients.

4. On August 22, 2016, Defendants served on the Plaintiffs an expert report by Berger (hereinafter "Berger Report," attached as Exh. B), finding that Plaintiff Lifeguard Licensing Corporation's ("LLC") marks were generic.  Berger based his opinion on the results of two surveys conducted for Defendants by Critical Mix of Westport, CT.  The surveys were managed by Precision Research of DesPlaines, IL.  One survey was a Thermos survey; one survey was a Teflon survey.  Berger complied with Rule 26(a)(2)(B).  His report contained: (i) a complete statement of all opinions he will express and the basis and reasons for them; (ii) the facts or data he considered in forming them; (iii) the exhibits that he used to summarize or support them; (iv) his qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, he testified as an expert at trial or by deposition; and (vi) a statement of the compensation he was paid.

---

[1] The Primary Significance Test defines genericness with respect to trademarks.  It is the last sentence of 15 U.S.C. §1064(3).

5. The Defendants hired Dr. Thomas Maronick ("Maronick") to be an expert witness in this matter. Maronick is a Professor of Marketing for Towson University; an Associate Professor of Marketing for the University of Baltimore School of Business, and an Instructor in Business Administration for Virginia Commonwealth. Maronick teaches marketing survey methodologies, among other things. He has appeared as an expert witness concerning surveys in other trademark cases, including in the <u>Lifeguard Licensing Corp., v. GoGo Sports, Inc.</u>, 10-cv-09075 (S.D.N.Y. 2010). Maronick wrote an expert report for the <u>Gogo Sports</u> litigation (hereinafter "Maronick I Report," attached as Exh. C). In <u>Gogo Sports</u>, Judge Crotty found that Maronick was qualified as an expert witness with respect to qualifications, reliability, and relevance for trademark genericness surveys, using the methodology that he repeated in this case, and that the Maronick I Report was admissible.

6. On August 23, 2016, Defendants served on the Plaintiffs the Maronick I Report, which was cited in the Berger Report. finding that Plaintiff Lifeguard Licensing Corporation's ("LLC") marks were generic. Maronick based his opinion on the results of two surveys he conducted. Maronick complied with Rule 26(a)(2)(B). His report contained: (i) a complete statement of all opinions he will express and the basis and reasons for them; (ii) the facts or data he considered in forming them; (iii) the exhibits that he used to summarize or support them; (iv) his qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, he testified as an expert at trial or by deposition; and (vi) a statement of the compensation he was paid.

7. On August 26, 2016, Defendants served on the Plaintiffs an expert report by Maronick, which was dated August 21, 2016 (hereinafter "Maronick Report II," attached as Exh. D), that found that Plaintiff Lifeguard Licensing Corporation's ("LLC") marks were generic. Maronick based his opinion on the results of two surveys he conducted. Maronick complied with Rule 26(a)(2)(B). His report contained: (i) a complete statement of all opinions he will express and the basis and reasons for them; (ii) the facts or data he considered in forming them; (iii) the exhibits that he used to summarize or support them; (iv) his qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, he testified as an expert at trial or by deposition; and (vi) a statement of the compensation he was paid.

8. On September 26, 2016, Plaintiffs served Defendants with a written report from their expert witness, Brian Sowers, entitled, "Reply Expert Report of Brian M. Sowers to the Report of James T. Berger" (hereinafter "Berger Reply," attached as Exh. E).

9. On October 1, 2016, Plaintiffs served Defendants with a written report from their expert witness, Brian Sowers, entitled, "Reply Expert Report of Brian M. Sowers to the Report of Dr. Thomas J. Maronick" (hereinafter "Maronick Reply," attached as Exh. F).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of December, 2016, in Ann Arbor, Michigan.

 /s/ Thomas P Heed 

Thomas P Heed